› ROBERT H. KENNEDY, appellant, v. JOSEPH CONGLE, appellee.

The Court of Common Pleas are bound to receive a substituted appeal bond, though it is not executed by the appellant, and if they refuse to receive a bond so executed, this court will order a mandamus. The new appeal bond should be dated on the day it is executed.

This was an application for a mandamus to be directed to the Common Pleas of the county of Warren. It appeared from a statement of the facts signed by the judges of the pleas, that when the above named appeal was called on in its order for trial, before the said court, the counsel for the appellee moved the court to dismiss the said appeal, for an alleged insufficiency in the appeal bond, inasmuch as the same did not specify the place of residence of either, the appellant or his surety ; and the court being of opinion, that the said bond was insufficient, ordered the said appeal to be dismissed, and thereupon the counsel of the appellant asked of the said court, and obtained leave to substitute a new appeal bond in the stead of the one, so adjudged insufficient to sustain the said appeal ; whereupon a new bond, signed by James S. Williamson and Charles Sitgreaves, esq. conditioned, that the said Robert H. Kennedy should prosecute said appeal, &c. ;—but not signed by him, and he not named therein, as one of the obligors, was executed in the presence of the said court, was presented to the said court for allowance, and accepted as an appeal bond in this cause.   Which bond was also objected to as insufficient in law, for that the same was not executed by the said Robert H. Kennedy, and he was not named as one of the obligors therein, but said bond was in other respects declared by the court to be sufficient and legal.   The said Robert H. Kennedy was not in person, attending the court, when the appeal came on to be heard, but was present by his counsel.   This last bond was also by the court adjudged insufficient to sustain said appeal, and the same was dismissed by the court, for want of a sufficient bond ; whereupon this case is stated for the opinion of the Supreme Court, on an application to be made for a mandamus.

*T. C. Ryerson* in support of the application, contended, that the practice adopted by this court in regard to certiorari bonds ought to be adopted by the Court of Common Pleas in regard

to appeal bonds. This court will receive a certiorari* bond, though not executed by the plaintiff in certiorari. So also in regard to a bond for security of the payment of costs. The object of the appeal bond is to secure the party, who has obtained the judgment.

*Hamilton* contra. The act, *Rev. Laws* 649, *sec.* 36, is imperative. It describes the nature of the bond. It must be executed by the party appealing, and in all things comply with the statute. But the new bond given in this case is defective, for it is dated after the appeal was entered.

HORNBLOWER, C. J. I am of the opinion, that the Court of Common Pleas ought to have received the new appeal bond offered in this case. The only objection to it was, that the party appellant did not join in its execution. This would be giving the act too rigid a construction. I see no reason why we may not apply the same rule to appeal bonds, that we apply to certiorari bonds. The act is non imperative, but directory. A party against whom a judgment has been obtained, may be prevented by sickness or some other lawful cause from attending at the court to prosecute his appeal, and if no other bond than the one executed by himself, and which may turn out to be defective, will answer the requirement of the statute, he is virtually deprived of his right of appeal.

FORD, J. I concur in the opinion that a mandamus ought to issue. The second bond given in this case was a good bond. It was properly dated on the day it was executed. This court is in the practice of receiving certiorari bonds, though they are not executed by the plaintiff in certiorari, and I see no good reason, that the same practice should not be adopted by the Court of Common Pleas in regard to appeal bonds.

Mandamus ordered.